IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KATHLEEN TORRENCE**                                                                                  **PLAINTIFF**

V.                                               4:19CV00354 JM

**AUTOMOBILE CLUB**
**INTER-INSURANCE EXCHANGE**                                              **DEFENDANT**

## ORDER

Pending is the Plaintiff's motion to remand the case to state court because Defendant Automobile Club Inter-Insurance Exchange (the "Exchange") removed the case more than 30 days after receiving notice of the case. The Exchange objects to the motion.

The Exchange was served with the complaint and summons on April 24, 2019. The notice of removal was filed on May 16, 2019, twenty-two days later. Plaintiff argues that the previously named defendant, AAA Arkansas Insurance Agency, Inc. ("AAA"),[1] and the Exchange are so closely connected that service on AAA meets the formal service requirement for the Exchange's thirty-day removal window under § 1446(b).  AAA was served on March 5, 2019. The Court disagrees.

Title 28 of the United States Code § 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C.A. § 1446 (West). The Eighth Circuit has explained that the time for filing a notice of removal begins to run when the defendant receives formal process, not when the defendant has notice of the case.

---

[1] The Court granted Plaintiff's motion to voluntarily dismiss AAA on September 10, 2019.

> The Court held that formal process is required, noting the difference between mere notice to a defendant and official service of process: 'An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.' Thus, a defendant is 'required to take action' as a defendant—that is, bound by the thirty-day limit on removal—'only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.' The Court essentially acknowledged the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal. . . .

*Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). *See also* 28 U.S.C. § 1446(b)(2)(B).

For this reason, Plaintiff's motion to remand (ECF No. 8) is DENIED.

IT IS SO ORDERED this 24th day of September, 2019.

_____
James M. Moody Jr.
United States District Judge